**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KENNETH A. NICOLLE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1869-JD** |
| | ) | |
| **KELLIE DAVIS, et al.,** | ) | |
| | ) | |
| **Respondent(s).** | ) | |

# REPORT AND RECOMMENDATION

Petitioner Kenneth A. Nicolle ("Petitioner"), a state prisoner proceeding *pro se*,[1] has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1).[2] United States District Judge Jodi W. Dishman referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). (Doc. 3; Doc. 10, at 2). For the reasons set forth below, the undersigned recommends that Petitioner's petition for habeas relief be **DISMISSED** without prejudice to the re-filing. The undersigned further recommends that Petitioner's later filings, (Docs. 9, 11, 12, 13, 14), be **denied as moot** if they are considered motions.

---

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

## I. Screening

The Court must review habeas petitions and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing § 2254 Cases.[3] "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day v. McDonough*, 547 U.S. 198, 210 (2006). This Report and Recommendation provides Petitioner with notice, and he can present his position by objecting to the recommendation. *See Smith v. Dorsey*, 30 F.3d 142, 1994 WL 396069, at *3 (10th Cir. July 29, 1994) (noting no due process concerns with the magistrate judge raising an issue *sua sponte* where the petitioner could "address the matter by objecting" to the report and recommendation).

## II. The Petition and Later Filings

Petitioner is currently housed at James Crabtree Correctional Center, where he is serving a sentence stemming from Grady County District Court, Case No. CF-23-0195. (Doc. 1, at 1). Petitioner contends he is being unlawfully incarcerated due to a "void arrest and subsequent prosecution" because there is a "lack of state authority against non-citizens." (*Id.*) So, he challenges "the State of Oklahoma's unlawful 'detention and prosecution of 'non-citizen,' making the arrest and subsequent proceedings void." (*Id.* at 2).

[3] The Court may apply the Rules Governing § 2254 Cases to habeas petitions arising under § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

In Ground One, Petitioner asserts a violation of the Civil Rights Act of 1866 because Indians were excluded as citizens under that law.[4] (*Id.* at 6-7). He asserts that members of Indian Nations or Tribes "are exempt from U.S. and its states authority to prosecute or detain." (*Id.* at 7). In Ground Two, Petitioner asserts he "is under federal court ordered injunction of both 'Oklahoma state,' and its subdivisions in *Muscogee (Creek) Nation v. City of Henryetta* . . . ('to stop detaining Indians in crimes occurring within Indian Country')."[5] (*Id.*) He asserts he is "exempt from [Oklahoma's] jurisdiction to prosecute." (*Id.*)

Petitioner later filed five documents with the Court. On September 4, 2026, Petitioner asserted a right to court-appointed attorneys in this action because of his indigence. (Doc. 9, at 2). On September 14, 2026, Petitioner filed a document "invok[ing] the savings clause" of 28 U.S.C. § 2254(b)(1)(A). (Doc. 11, at 2). On September 24, 2026, Petitioner filed what he titled "Amended Motion 28 U.S.C.A. § 2241(c)." (Doc. 12). And on October 1, 2026, Petitioner filed a second document asserting he is entitled to a court-appointed attorney. (Doc. 13). On October 13, 2026, he filed an amended motion seeking court-appointed counsel. (Doc. 14).

---

[4] 8 U.S.C. § 1401(b), however, provides that "a person born in the United States to a member of an Indian . . . tribe" is a "national[] and citizen[] of the United States at birth."

[5] The injunction in *Muscogee (Creek) Nation v. City of Henryetta* applies only to the City of Henryetta, Oklahoma, and its officers, agents, and employees – prohibiting them from enforcing municipal criminal prosecutions against any Indian. 836 F. Supp. 3d 1148, 1171 (E.D. Okla. 2026). Petitioner's sentence was entered by the state district court in Grady County.

## III. Petitioner's Claims Are Not Properly Brought Under Section 2241, and the Petition Should Be Dismissed.

Section 2241 petitions "are generally reserved for complaints about the *nature* of a prisoner's confinement, not the *fact* of his confinement." *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011). "Petitions under § 2241 are used to attack the execution of a sentence, in contrast to [28 U.S.C.] § 2254 habeas . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (internal citation omitted).

In this action, Petitioner seeks to challenge the validity of his conviction and sentence, as he takes issue with the State's legal ability to prosecute him. He does not challenge the execution of his sentence. Thus, a petition under § 2254 "is the proper avenue for attacking the validity of [his] conviction and sentence." *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008); *see also Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1213 (10th Cir. 2009) ("[A state prisoner's] § 2241 habeas petition can only challenge the execution of his sentence, not the validity of his conviction and the original sentence.").

Petitioner makes arguments in his later filings that he should be allowed to proceed under § 2241. First, he purports to "invoke the savings clause" of 28 U.S.C. § 2254(b)(1)(A). (Doc. 11, at 2). This provision requires that a habeas petitioner exhaust available state-court remedies. 28 U.S.C. § 2254(b)(1)(A). Petitioner appears to argue that there is no corrective process – which would implicate an exception to exhaustion under 28 U.S.C. § 2254(b)(1)(B)(i) – because the State lacks authority to provide for collateral review. (Doc. 12, at 3). But this argument is related to § 2254's requirement that Petitioner

exhaust his state court remedies and does not mean he can bring this action under § 2241. Indeed, Petitioner continues to assert that "Oklahoma lacked jurisdiction to prosecute him for crimes he committed in 'Indian Country,'" (Doc. 11, at 3), which is a challenge to the validity of his conviction and sentence.

Petitioner also argues that "a prisoner can proceed to 28 U.S.C. § 2241 only if his [initial] 28 U.S.C. § 2254(b)(1)(A)(b)(i) motion was itself inadequate or ineffective to the task of providing the petitioner with a chance to test his sentence or conviction." (Doc. 11, at 2) (internal quotation marks omitted). Petitioner asserts that he is "entitled to a 28 U.S.C. § 2241 because of the 2254's inability to grant total relief." (*Id.*) Although Petitioner cites *Deerleader v. Crow* in support of his argument that he should be allowed to proceed under § 2241, (*id.*), the court in *Deerleader* found the petitioner had a remedy under § 2254 and granted habeas relief. 2021 WL 150014, at *1 (N.D. Okla. Jan. 15, 2021). The undersigned finds no merit in this argument.

While the Court can recharacterize a § 2241 habeas petition as one brought under § 2254 if certain procedures are followed, *Davis v. Roberts*, 425 F.3d 830, 835 (10th Cir. 2005), the undersigned does not recommend doing so. Because the Antiterrorism and Effective Death Penalty Act "places strict limitations on second or successive claims," Petitioner "may prefer to have his claim dismissed rather than be recharacterized as a § 2254 claim because of the potential consequences with respect to any § 2254 claim he may file in the future." *Id.* at 834-35. "The more appropriate course of action is to dismiss the § 2241 petition . . . because it seeks relief unavailable under § 2241." *Serrano v. Pettigrew*,

No. CIV-21-0651-F, 2021 WL 4785506, at *1 (W.D. Okla. Oct. 13, 2021) (declining to adopt recommendation to recharacterize a petition as one brought under § 2254).

If this Report and Recommendation is adopted, Petitioner may file a § 2254 habeas petition if he so desires.

## IV. Recommended Ruling and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED** without prejudice to the re-filing. The undersigned further recommends that Petitioner's later filings, (Docs. 9, 11, 12, 13, 14), be **denied as moot** if they are considered motions.

**The court advises Petitioner of his right to object to this Report and Recommendation by November 5, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The court further advises Petitioner that failure to make timely objection to this report and recommendation waives his right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 15th day of October, 2026.

Amanda L. Maxfield

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE