**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KENNETH A. NICOLLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-01869-JD |
| | ) | |
| KELLIE DAVIS, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

Before the Court is the Report and Recommendation ("R. & R.") of United States Magistrate Judge Amanda L. Maxfield. [Doc. No. 15]. Petitioner Kenneth Nicolle filed four motions, which the Court construes as objections to the R. & R. [Doc. Nos. 16, 17, 18, 19]. For the reasons outlined below, the Court accepts the R. & R. and dismisses the Petition without prejudice.

Petitioner brought this habeas action pursuant to 28 U.S.C. § 2241. [Doc. No. 1]. The Court referred this case to Judge Maxfield pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 3].

The R. & R. recommended that the Court dismiss the Petition without prejudice and deny other motions Petitioner has filed [Doc. Nos. 9, 11, 12, 13, 14] as moot in light of the recommendation of dismissal. [Doc. No. 15 at 1, 6]. First, the R. & R. explained that Petitioner's habeas Petition is not proper under § 2241 because he is not challenging the execution of his sentence but the validity of his conviction and sentence. [*Id.* at 2–4]. The R. & R. then rejected Petitioner's arguments regarding why he can properly bring his

Petition pursuant to § 2241, including his attempt to "invoke the savings clause" of 28 U.S.C. § 2254(b)(1)(A) and his assertion that "a prisoner can proceed to 28 U.S.C. § 2241 only if his [initial] 28 U.S.C. § 2254(b)(1)(A)(b)(i) motion was itself inadequate or ineffective to the task of providing the petitioner with a chance to test his sentence or conviction." [*Id.* at 4–5]. The R. & R. then recommended declining to recharacterize his Petition as one under § 2254 because Petitioner "may prefer to have his claim dismissed rather than be recharacterized as a § 2254 claim because of the potential consequences with respect to any § 2254 claim he may file in the future." [*Id.* at 5 (quoting *Davis v. Roberts*, 425 F.3d 830, 834–35 (10th Cir. 2005))].

The R. & R. advised Petitioner of his right to object to the R. & R. by filing an objection with the Clerk of Court by November 5, 2026, and explained that failure to timely object to the R. & R. waives appellate review of the recommended ruling. [*Id.* at 6 (citing *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991))]. Subsequently, Petitioner filed a motion for reconsideration [Doc. No. 16], an "Amended Motion for 28 U.S.C. § 2241(c)(3)" [Doc. No. 17], a motion to compel the Court through a post-judgment proceeding to grant habeas relief [Doc. No. 18], and a "Motion for F.R.C.P. Rule 59(e): Request for Reconsideration for Ongoing Case Execution" [Doc. No. 19], all of which the Court construes as objections to the R. & R.[1]

"[A] party's objections to the magistrate judge's report and recommendation must

---

[1] The Court notes that Petitioner's motions under Federal Rule of Civil Procedure 59(e) [*see* Doc. Nos. 16, 18, 19] are improper because the Court has not entered a judgment in this case. *See* Fed. R. Civ. P. 59(e) (entitled "motion to alter or amend a judgment").

be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, a party waives the right to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore*, 950 F.2d at 659 ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.").

Here, Petitioner's objections are not specific and therefore, do not preserve issues for the Court's de novo review or for appellate review. *See 2121 E. 30th St.*, 73 F.3d at 1060 ("[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act that led us to adopt a waiver rule in the first instance."). Petitioner's motions for reconsideration and "Amended Motion for 28 U.S.C. § 2241(c)(3)" do not argue that the R. & R. committed legal or factual error but instead argue the merits of the Petition, which the R. & R. did not reach because it found that Petitioner did not properly raise the petition under § 2241. [*See* Doc. No. 16 at 2–4; Doc. No. 18-1 at 1–3; Doc. No. 19 at 2–7]. Petitioner's "Amended Motion for 28 U.S.C. § 2241(c)(3)" also does not raise factual or legal error committed by the R. & R. but reasserts Petitioner's arguments why he can bring his Petition under § 2241. [*See* Doc. No. 17 at 2–4 (arguing the "savings clause" allows him to bring his Petition under § 2241

and because of § 2254's inability to provide adequate and effective relief)]. As outlined above, the R. & R. addressed and rejected those arguments. [*See* Doc. No. 15 at 4–5]. Objections that merely restate arguments previously asserted are insufficient to trigger de novo review. *See Rahul v. Noem*, No. CIV-26-269-J, 2026 WL 786705, at *1 (W.D. Okla. Mar. 20, 2026) ("An objection that merely reiterates arguments previously presented to the magistrate judge, or that expresses general disagreement with the recommendation, is insufficient to require de novo review.").

Alternatively, although the Court is not required to review the record and law de novo because Plaintiff has not submitted specific objections, the Court has done so and determines it should accept the R. & R.

The Court therefore ACCEPTS the Report and Recommendation [Doc. No. 15] and DISMISSES the Petition without prejudice. In light of this dismissal, the Court denies the following motions as moot: [Doc. Nos. 9, 11, 12, 13, 14]. To the extent it is necessary, the Court declines to issue a certificate of appealability. A separate judgment shall follow.

IT IS SO ORDERED this 12th day of November 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE